UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TERRI KIRSCH                                                                        PLAINTIFF

v.                                                              NO. 3:16:CV-00299-CRS

ROBERT DEAN                                                     DEFENDANT

<u>Memorandum Opinion</u>

I.      <u>Introduction</u>

This matter is before the Court on Defendant Robert Dean's motion to dismiss Counts II, III, and IV of the complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Terri Kirsch filed a response in opposition, to which Dean replied. For the reasons set forth below, the Court will grant the motion in part and will deny the motion in part.

II.      <u>Background</u>

Plaintiff Terri Kirsch and Defendant Robert Dean are each 50 percent shareholders in ZFX, Inc. ("ZFX"). Compl. ¶¶ 2–4, ECF No. 1. ZFX is a Nevada corporation that provides flying effects services for stage performances. *Id.* ¶¶ 4, 7–8. Kirsch and Dean are also each 50 percent members in ZFX Property Holdings, Inc. ("ZFX Property"). *Id.* ZFX Property is a Kentucky limited liability company (LLC) that owns a warehouse in which ZFX operates. *Id.* ¶¶ 4, 17. Neither ZFX nor ZFX Property has an active market for its ownership interests. *Id.* ¶ 41.

Kirsch became the president of ZFX in 2004. *Id.* ¶ 11. In 2005, Kirsch and Dean moved ZFX to Louisville, Kentucky. *Id.* ¶ 14. Since moving to Louisville, the corporation "has grown to nearly 50 employees around the world, and gross sales have greatly increased." *Id.* ¶ 16.

In 2013, while still the president of ZFX, Kirsch began to reduce her working hours to spend more time with her husband, who had been diagnosed with cancer. *Id.* ¶¶ 18–19. She

1

continued to "receive her salary from ZFX, continued to draw distributions from ZFX Property, and received standard health and retirement benefits." *Id.* ¶ 21.

When her husband passed away a year later, Kirsch told Dean that she was considering selling her ZFX shares and ZFX Property membership units. *Id.* ¶ 20. They reached tentative sale terms in December 2015. *Id.* ¶ 22. During this time, Kirsch learned that Dean had removed her from the corporate records as an officer and director. *Id.* ¶ 27.

In February 2016, Dean sent Kirsch proposed sale agreements, which she signed. *Id.* ¶¶ 28–29. Dean then told Kirsch that he had discovered a number of financial irregularities that had occurred while she was serving as president of ZFX and that he would not be able to execute the sales agreement until the financial irregularities were resolved. *Id.* ¶ 33. He removed Kirsch's access to ZFX's computer system and financial records. *Id.* ¶ 32. He also discontinued her health and dental insurance plans, and her pay. *Id.* ¶ 34.

Kirsch then brought this action against Dean. She seeks a declaration of rights that she is a 50% owner, director, and president of ZFX and a 50% owner and member of ZFX Property (Count I). *Id.* ¶¶ 37–39. She also asserts that Dean breached his fiduciary duties he owed her as a shareholder and member (Court II), applies for a custodian under Nevada Revised Statute § 78.347 (Count III), and seeks punitive damages (Count IV). *Id.* ¶¶ 40–61.

Dean now seeks to dismiss Counts II and IV under Federal Rule of Civil Procedure 12(b)(6). He argues that Kirsch does not state a plausible claim to relief because he does not owe Kirsch a fiduciary duty as a shareholder or member as a matter of law. Dean Mem. Supp. Mot. Dismiss 4–11, ECF No. 4-1. Dean also seeks to dismiss Count III. He asserts that Kirsch does not state a plausible claim for relief because the factual allegations do not meet the statutory requirements for an appointment of a custodian. *Id.* at 11–13.

III.     Choice of Law

When a federal court hears state law claims under its diversity jurisdiction, it must apply the choice of law principles of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). When parties agree about the choice of law to be applied, however, the court need not address choice of law questions. *See GBJ Corp. v. Eastern Ohio Paving Co.*, 139 F.3d 1080, 1085 (6th Cir.1998); *Asp v. Toshiba Am. Consumer Prods., LLC*, 616 F. Supp. 2d 721, 726 (S.D. Ohio 2008) ("When parties acquiesce to the application of a particular state's law, courts need not address choice of law questions."); *Sneyd v. Int'l Paper Co., Inc.*, 142 F. Supp .2d 819, 823 n.2 (E.D. Mich. 2001) ("Because all parties acquiesce in the application of the substantive law of Michigan, the Court will apply Michigan law and need not conduct a choice-of-law analysis sua sponte."); *In re Korean Air Lines Disaster*, 932 F.2d 1475, 1495 (D.C.Cir.1991) ("Unlike jurisdictional issues, courts need not address choice of law questions sua sponte.").

Kirsch and Dean agree that Nevada law applies to ZFX's internal affairs and Kentucky law applies to ZFX Property's internal affairs. *See* Dean Mem. Supp. Mot. Dismiss 4, 10, ECF No. 4; Kirsch Resp. Mot. Dismiss 5, 10, ECF No. 8. Thus, the Court will apply Nevada law to the questions of whether Dean breached his fiduciary duty as a shareholder of ZFX and whether a custodian should be appointed for ZFX under Nevada Revised Statute § 78.347. The Court will apply Kentucky law in deciding whether Dean breached his fiduciary duty as a member of ZFX Property.

3

IV.     Standard of Review for a Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 55 U.S. 544, 570 (2007). A complaint states a plausible claim for relief when the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court is not required to accept legal conclusions or "threadbare recitals of the elements of a cause of action." *Id*. When resolving a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quoting *Directv, Inc. v. Treesch*, 487 F.3d 471, 476 (6th Cir. 2007).

V.      Breach of Fiduciary Duty (Count II) and Punitive Damages (Count IV)

As a 50 percent shareholder in ZFX and as a 50 percent member in ZFX Property, Kirsch asserts that Dean owed her a fiduciary duty of "good faith, trust, and honesty." Compl. ¶ 45, ECF No. 1. She claims that Dean breached this duty by "unilaterally removing [her] access to her company emails and financial and corporate records, discontinu[ing] her salary and distributions, and . . . discontinu[ing] her health and dental insurance." *Id*. ¶ 2.

    A.     Breach of Fiduciary Duty as a Shareholder of ZFX

Dean maintains that Kirsch does not state a plausible claim to relief for breach of fiduciary duty because Nevada law does not recognize that shareholders owe each other fiduciary duties. Dean Mem. Supp. Mot. Dismiss 4, ECF No. 4. The Supreme Court of Nevada has not yet addressed this question of law. Guidance on fiduciary duties owed to shareholders

4

can be found in a Fifth Circuit case in which the court, applying Texas choice of law principles, predicted how the Supreme Court of Nevada would rule on the issue. *Hollis v. Hill*, 232 F.3d 460 (5th Cir. 2000). In *Hollis*, James Hollis was a 50 percent shareholder in FFUSA, a Nevada corporation, which he had formed and managed with Dan Hill, the owner of the corporation's other 50 percent interest. *Id*. at 463. After Hollis rejected Hill's proposed buy-out, Hill stopped sending FFUSA financial reports and company reports to Hollis, and reduced Hollis's salary to zero dollars. *Id*. at 463–64.

The *Hollis* court held that "[w]ith only two shareholders and management responsibilities divided between [Hollis and Hill], a fiduciary relationship was created not unlike that in a partnership." *Id*. at 466. The court determined that the facts were similar to those in *Clark v. Lubritz*, 944 P.2d 861 (Nev. 1997), a case in which the Supreme Court of Nevada imposed fiduciary duties on five shareholders who treated each other as partners, despite that they had incorporated their business. *Id*. The *Hollis* court asserted that Hollis and Hill's relationship was even more like a partnership than the shareholders' relationship in *Clark* because only "two shareholders existed, and there appear[ed] to have been no shareholder meetings, election of directors, or adherence to by-laws." *Id*. Because of this partnership-like relationship, the court concluded the Supreme Court of Nevada would impose similar fiduciary duties on Hill and Hollis.

The *Hollis* court also determined that Hollis and Hill owed each other fiduciary duties because they operated FFUSA as a closely held corporation in practice, even though it had not been formally incorporated as such. *Id*. at 468. A closely held corporation is a corporation with a small number of shareholders, no public market for its shares, and shareholder participation in the company's management and oversight. *Id*. at 467 n.19 (citing *Donahue v. Rodd Electrotype*

5

*Co.*, 328 N.E.2d 505 (Mass. 1975)). The court observed that "[b]oth Hill and Hollis began the organization in order to participate personally in its management, and made money principally through salaries as officers." *Id*. at 468. They did not receive large dividends or intend to sell their shares for profit. *Id*.

The *Hollis* court concluded that Hill breached the fiduciary duty he owed to Hollis. *Id*. at 471. The court explained that shareholders are owed fiduciary duties only when they are harmed as shareholders, not as employees, because "[t]he fiduciary duty in the close corporation context, as in the context of public corporations, appropriately is viewed as a protection of the shareholder's investment." *Id*. at 471. The court determined that Hill had injured Hollis as a shareholder because:

> "[T]he value of his investment was tied directly to his employment. The benefits he received from his investment were distributed in the form of salary and certain perquisites; the firm never declared a dividend and paid no salary to its directors. Hill totally deprived Hollis of those benefits by terminating his employment and salary, closing the Florida office, and cutting him off from company benefits." *Id*.

A few courts in Nevada have cited to *Hollis*. Notable is *Spitzmesser v. Tate Snyder Kimsey Architects, Ltd.*, a case from the United States District Court for the District of Nevada. No. 2:10-cv-01700-KJD-LRL, 2011 U.S. Dist. LEXIS 68696, at *5–6 (D. Nev. June 27, 2011). In *Spitzmesser*, the plaintiff moved to amend the complaint to add a breach of fiduciary duty claim. *Id*. at *4. The plaintiff asserted that he, as a shareholder in a closely held corporation, was owed a fiduciary duty of loyalty and good faith and that the defendants had breached this duty by terminating his employment with the corporation. *Id*. at *5–6 (D. Nev. June 27, 2011). The defendant asserted that the claim was futile because a shareholder is not owed a fiduciary duty. *Id*. at *6. Based on the *Hollis* court's holdings, the district court found that the plaintiff "clearly

and sufficiently pled that he was a shareholder who was owed a fiduciary duty and that the duty was breached," and permitted the plaintiff to amend the complaint. *Id*. at *7.

A year later, the district court reaffirmed its adherence to the holdings of *Hollis* while ruling on a motion to dismiss the breach of fiduciary duty claim that had been added to the complaint. *Spitzmesser v. Tate Snyder Kimsey Architects, Ltd.*, No. 2:10-cv-01700-KJD-VCF, 2011 U.S. Dist. LEXIS 93045, at *14–15 (D. Nev. July 3, 2012). The court asserted, "This Court has already acknowledged the guidance of *Hollis v. Hill*, 232 F.3d 460 (5th Cir. 2000) in predicting how the Nevada Supreme Court would rule on whether fiduciary duties are owed to minority shareholders." *Id*. at *14.

The United States District Court for the District of Nevada's reliance on *Hollis* regarding fiduciary duties owed to shareholders suggests that the Supreme Court of Nevada would also adopt the *Hollis* court's holdings. This Court follows suit. Accepting all well-pleaded facts as true, the Court finds that Kirsch plausibly claims that a fiduciary relationship was created because she and Dean operated and managed ZFX like a closely held corporation, even though ZFX was not formally incorporated as such. Compl. ¶¶ 9–10, 41, ECF No. 1. She also plausibly alleges that Dean harmed her as a shareholder, thereby breaching the fiduciary duties that he owed her. Kirsch maintains that the value of her investment in ZFX was directly tied to her employment, she received benefits from her investment as a salary, and Dean deprived her of these benefits by terminating her employment with ZFX. *Id*. ¶¶ 32–36, 46. The Court finds that Kirsch has sufficiently pleaded a plausible claim for relief for breach of fiduciary duty concerning Dean's actions as a shareholder of ZFX.

      B.      <u>Breach of Fiduciary Duty as a Member of ZFX Property.</u>

Dean argues that Kirsch does not state a plausible claim for relief for breach of fiduciary duty regarding his membership in ZFX Property because "there is no support in Kentucky law for the proposition that a 50 percent member in a LLC breaches his fiduciary obligations simply because the LLC fails to make distributions." Dean Mem. Supp. Mot. Dismiss 10, ECF No. 4.

Members of a Kentucky LLC owe each other fiduciary duties. *See Patmon v. Hobbs*, 280 S.W.3d 589, 594 (Ky. Ct. App. 2009) ("Kentucky limited liability companies, being similar to Kentucky partnerships and corporations, impose a common-law fiduciary duty on their officers and members in the absence of contrary provisions in the limited liability company operating agreement."); *Pixler v. Huff*, No. 3:11-CV-00207-JHM, 2012 U.S. Dist. LEXIS 106492, *35 (W.D. Ky. July 30, 2012) (*citing Patmon*, 280 S.W.3d 594–95) ("In Kentucky, managers and members of an LLC owe a fiduciary duty to one another.").

Kirsch's claims regarding Dean's alleged breach of fiduciary duty extend beyond the allegation that a 50 percent member of a LLC breaches his fiduciary obligations because the LLC does not make distributions, as Dean asserts. She alleges that Dean breached his fiduciary obligations that he owed as a member of ZFX Property by "unilaterally removing Plaintiff's access to her company emails and financial and corporate records, discontinued her salary and distributions, and has discontinued her health and dental insurance." Compl. ¶ 2, ECF No. 1. Accepting all the well-pleaded facts in the complaint as true, the Court thus finds that Kirsch states a plausible claim for relief against Dean for breach of fiduciary duty concerning his actions as a member of ZFX Property.

Given that Kirsch states a plausible claim to relief for breach of fiduciary duty, the Court will deny Dean's motion to dismiss Counts II and IV of the complaint.

VI.     Appointment of a Custodian under Nevada Revised Statute § 78.347 (Count III).

Kirsch asks the court to appoint a custodian under Nevada Revised Statute § 78.347 for ZFX. Dean asserts that Kirsch's request for the appointment of a custodian for ZFX does not state a plausible claim for relief because (1) the statute upon which Kirsch relies requires that a business be suffering and Kirsch has not pleaded facts suggesting that ZFX's business has suffered and (2) the statute prohibits a custodian from winding up the corporation's business and Kirsch seeks a custodian to "dispos[e] of and distribut[e] ZFX's assets." Dean Mem. Supp. Mot. Dismiss 12, ECF No. 4.

Nevada law offers several options to resolve internal conflict within a corporation. *Advanced Optics Elecs., Inc. v. Robins*, 633 F. Supp. 2d 1237, 1246 (D.N.M. 2008) (applying Nevada law). Two-thirds of a corporation's shareholders may remove a director from office. N.R.S. § 78.335. Under Nevada Revised Statute § 78.650, shareholders who own ten percent or more of the corporation may "apply to the district court, held in the district where the corporation has its principal place of business, for an order dissolving the corporation and appointing a receiver to wind up its affairs." This option is available in several circumstances, including when "[t]he corporation is unable to conduct the business or conserve its assets by reason of the act, neglect or refusal to function of any of the directors or trustees" or when "[t]he assets of the corporation are in danger of waste, sacrifice or loss through attachment, foreclosure, litigation or otherwise." *Id*.

Nevada Revised Statute § 78.347(1)(a) is another option for dealing with internal conflict within a corporation. This statute allows a shareholder to request the court to appoint a custodian when "the corporation's business is suffering." The state statute also allows for the appointment of a custodian when the corporation is "threatened with irreparable injury because the directors

9

are so divided respecting the management of the affairs of the corporation that a required vote for action by the board of directors cannot be obtained and the stockholders are unable to terminate this division." *Id*. Unless the court orders otherwise, the custodian has the authority to "continue the business of the corporation," rather than "liquidate its affairs or distribute its assets." *Id*. § 78.347(6).

In the instant case, and taking all well-pleaded facts as true, this Court finds that Kirsch has not provided sufficient facts to plausibly allege that a custodian should be appointed for ZFX under Nevada Revised Statute § 78.347. The complaint contains factual allegations suggesting that her interest in the corporation would suffer if a custodian were not appointed. For example, Kirsch states that her "interest as a shareholder in ZFX is rendered uncertain and rendered valueless without action to terminate the deadlock." Compl. ¶ 56, ECF No. 1. But the complaint does not contain factual allegations suggesting that the corporation itself would suffer without a custodian, which the statute requires. Rather, Kirsch asserts in the complaint that ZFX is thriving, which indicates that no custodian is necessary to protect the business. *See id.* ¶ 16 (asserting that "[s]ince moving the company to Louisville, Kentucky, ZFX has grown to nearly 50 employees around the world, and gross sales have greatly increased").

Kirsch also asks that the custodian be appointed "for the purpose of disposing of and distributing ZFX's assets." Compl. ¶ 55, ECF No. 1. Nevada Revised Statute § 78.347 does not grant custodians this authority unless the court orders otherwise, which this Court declines to do. Thus, Kirsch does not state a plausible claim to relief for appointment of a custodian, and the Court will grant Dean's motion to dismiss Count III of the complaint.

VII. <u>Conclusion</u>

For the reasons set forth above, the Court will grant Dean's motion to dismiss Count III. The Court will dismiss Count III with prejudice. The Court will deny Dean's motion to dismiss Counts II and IV of the complaint. The Court will refer the matter to the magistrate judge for scheduling.

August 29, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**