UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TERRI KIRSCH                                           PLAINTIFF

vs                                      CIVIL ACTION NO. 3:16CV-299-CRS

ROBERT DEAN                                     DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on an expedited motion of plaintiff Terri Kirsch for appointment of a custodian and issuance of a temporary restraining order (DN 24) and motion for an expedited hearing (DN 25). This lawsuit arose from the destruction of a business relationship between the parties. Kirsch alleges that when the relationship broke down, Robert Dean unilaterally removed her from her position as President of ZFX, Inc. and from its Board of Directors. She alleges that she has been prohibited from accessing corporate documents and accounts, and has been denied pay and benefits.

Kirsch now alleges that she has "learned of unlawful conduct by Dean, which threatens to not only prejudice Ms. Kirsch, but to waste significant ZFX assets and place the corporation's financial health in jeopardy." DN 24-1, p. 4. Kirsch sent a letter stating that they had "reason to believe that Robert Dean is using corporate funds from ZFX, Inc. and/or ZFX Property Holdings LLC…to cover his individual costs and fees associated with this litigation…" DN 24-2. Dean responded that Kirsch's "description of the applicable rules and any and all allegations with respect to either the conduct of Mr. Dean or the characterization thereof made in your letter of

September 13, 2016 are rejected." DN 24-3. Kirsch again sent a letter "specifically asking that you confirm whether Mr. Dean has used any corporate funds to pay any attorney's fees or costs arising from this matter." DN 24-4. The letter indicated that a "vague, non-responsive letter" would be taken by Kirsch as an admission that ZFX was paying Dean's litigation expenses. Thereafter Kirsch received a Notice of a Special Meeting of the Board of Directors to convene on October 18, 2016 at 11:00 a.m. "to consider and as appropriate act upon certain demands made by Terri Kirsch (through the Middleton firm) in a letter dated September 28, 2016, a copy of which is enclosed herewith." DN 24-5.

Kirsch asserts that this Notice constitutes an affirmation that ZFX funds are being used to fund Dean's litigation of this action.

A temporary restraining order (TRO) is an extraordinary remedy designed to protect the status quo pending final resolution of a lawsuit. *University of Texas v. Camenisch*, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). The granting of such relief is discretionary with the court. The court must consider and balance four factors in determining whether to afford such relief: (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) the harm to others which will occur if the injunction is granted; and (4) whether the injunction would serve the public interest. *Nat'l Viatical, Inc. v. Universal Settlements, Int'l, Inc.*, 716 F.3d 952, 956 (6th Cir. 2013).

Upon review of Kirsch's papers, the court finds a complete absence of evidence underlying the assertion of irreparable harm and a likelihood of success on the merits. Although no response has yet been filed to the motions, Kirsch seeks a TRO for which we may evaluate the movant's preliminary showing on the motion and supporting matters alone. Therefore, the

motion for a TRO and for a hearing will be denied. *See Griffco Quality Solutions, Inc. v. Tier 1 Consulting, LLC*, No. 3:10-CV-19-H, 2010 WL 797589 (W.D. Ky. March 3, 2010) (undisputed facts of pleadings do not establish entitlement to TRO; an evidentiary hearing is thus unnecessary).

A. Irreparable Harm

Kirsch claims that she has knowledge that Dean paid litigation fees with ZFX's funds, yet she has provided no document or affidavit to support this statement. Her letters indicate she has "reason to believe" Dean is using ZFX's funds, but she similarly does not offer any basis for this belief. She attempts to shore up this lack of evidence with the assertion that she has "substantiation" of the belief. However, this "substantiation" is not grounded in any affirmative proof, but rather relies on her own assessment that Dean's "vague" and "non-responsive" answer to her letter demanding confirmation of her belief that Dean was utilizing ZFX funds was tantamount to an admission. This bootstrapping of one belief upon another falls short of yielding proof at all. Thus, Kirsch has failed to come forward with any evidence of the wrongful payments that she seeks to have this court enjoin.

Kirsch then employs expansive language in suggesting that Dean's actions will cause irreparable harm to the company. In her Complaint, Kirsch states that since 2006, the company has grown from 5 employees and sales of less than $1,000,000 per year to a company of nearly 50 employees around the world and greatly increased gross sales. DN 1, ¶¶ 15, 16.

With respect to the request for a TRO, "the general rule is that a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Nat'l Viatical*, 716 F.3d at 957 (*quoting Langley v. Prudential Mortg. Capital Co,. LLC*, 554 F.3d 647, 649 (6th Cir. 2009)). The

3

payment of litigation expenses, if such has been made, is a definable sum. As such, the mere payment of attorney fees, without more, does not constitute irreparable harm. Further, Kirsch has not attempted to show, as a practical matter, that funding of this litigation has had or would have any realistic possibility of impacting the financial health of ZFX. There is a complete lack of evidence on this point.

With respect to the request for appointment of a custodian under the Nevada statute, there is no evidence that "[t]he business of the corporation is suffering or is threatened with irreparable injury…" Nev. Rev. Stat. Ann. § 78.347(1)(a). Thus the court finds that the quantum leap from "reason to believe" that Dean's legal fees were being paid from ZFX funds to the assertion of a fear of "irreparable harm through irreversible depletion of corporate assets" is unwarranted and unsubstantiated on the current record.

B. Likelihood of Success on the Merits

Kirsch is also unlikely to succeed on the merits. Kirsch alleges that ZFX improperly advanced Dean's litigation expenses in violation of Nevada law. DN 24-1, p. 6. But she fails to provide an affidavit, documents, or other evidence showing that such an advancement ever occurred. Kirsch provides only a notice of a special meeting asserting that the board members are intending to discuss a letter in which she demands that the corporation confirm whether it is funding Dean's attorney fees or costs. DN 24-5. The notice does not, as Kirsch contends, reveal that "Dean is using ZFX to fund this litigation." DN 24-1.

Because Kirsch fails to provide any evidence that ZFX is improperly advancing Dean's litigation expenses, she is also unable to show why a custodian should be appointed for the corporation. Kirsch's claim that the Court should appoint a custodian rests on Dean's alleged use

of ZFX assets to fund his litigation. *See id.* at 15 (explaining that "the Court should appoint a custodian at this time because ZFX is threatened with irreparable injury by Dean's continued use of ZFX assets to fund his scorched-earth litigation tactics, and because the ZFX board of directors (which properly includes Ms. Kirsch) is hopelessly divided with respect to this particular affair of the corporation.") Without evidence that the corporation paid Dean's litigation expenses, this argument fails, and Kirsch is unlikely to succeed on the merits.

## C. The Relief Sought

Kirsch's tendered order seeks appointment of a custodian pursuant to Nev. Rev. Stat. Ann. §78.347 to (1) review the books and records of ZFX, Inc.,[1] (2) identify the amount already paid for Dean's litigation expenses, (3) ensure that ZFX's assets are not further misappropriated for payment of Dean's litigation expenses, (4) ensure that Dean personally repay any funds already advanced, (5) review ZFX's accounts for other waste or misapplication of funds, and (6) identify whether the Board of Directors is deadlocked on any other fundamental corporate matter and make recommendations to the Court after consulting with Kirsch and Dean. The tendered order also seeks to temporarily restrain Dean from using ZFX's funds for his attorney fees or court costs and to order that he repay all such sums by a date certain. DN 24-7.

Nev. Rev. Stat. Ann. § 78.347(1)(a) provides, in pertinent part, that a "stockholder may apply to the district court" for the appointment of a custodian when "[t]he business of the corporation is suffering or is threatened with irreparable injury because the directors are so divided respecting the management of the affairs of the corporation that a required vote for

---

[1] Kirsch alleges that she is a fifty percent member of ZFX Property LLC. This entity is not mentioned in any of the motion practice presently before the court.

action by the board of directors cannot be obtained and the stockholders are unable to terminate this division." An applicant on whose behalf a stockholder has applied to the district court for a custodianship must provide certain specific information and an affidavit attesting its truth, pursuant to § 78.347(2).

The Nevada statute at issue appears to indicate that a custodianship for a Nevada corporation may be sought from a Nevada district court. Kirsch has offered no ground for *this* court to order a custodianship. To the extent that the court could, in its discretion, issue such an order, Kirsch has offered no argument why this court should do so. Finally, Kirsch has not met the statutory requisites of § 78.347(2) in seeking issuance of a custodianship. Kirsch's order contains a blank line for the court to write in the name of a custodian. This procedure is not contemplated by the statute, as certain vetting materials must be presented and attested to by the applicant upon whose behalf the stockholder has applied. *Id.*

Additionally, the tendered order seeks affirmative relief from the court – relief that reaches beyond maintenance of the status quo. Kirsch would have the court order the repayment of monies paid out for Dean's legal fees. The court would decline to order such affirmative relief even if preliminary injunctive relief was warranted in this matter.

Therefore, for all these reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the expedited motion for appointment of a custodian and for a temporary restraining order (DN 24) and motion for an expedited hearing (DN 25) are **DENIED.**

**IT IS SO ORDERED.**

DATED: October 16, 2016

ENTERED BY ORDER OF COURT:
CHARLES R. SIMPSON, SENIOR JUDGE
UNITED STATES DISTRICT COURT
VANESSA L. ARMSTRONG

*Renee L. Koch*
RENEE L. KOCH, DEPUTY CLERK

6