WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TERRI KIRSCH                                                                 PLAINTIFF


v.                                                     CIVIL ACTION NO. 3:16-CV-00299-CRS


ROBERT DEAN                                                                  DEFENDANT

Memorandum Opinion

I.      Introduction

        This matter is before the Court on Defendant Robert Dean's motion to disqualify Plaintiff

Terri Kirsch's counsel, Middleton Reutlinger, and to strike filings made by Middleton

Reutlinger, ECF No. 20. Kirsch filed a response in opposition, ECF No. 31, to which Dean

replied, ECF No. 40. For the reasons set forth below, the Court will deny Dean's motion to

disqualify Middleton Reutlinger and to strike their filings in this case.

II.     Background

        A.      Allegations in the Complaint

        As this Court has previously discussed, Plaintiff Terri Kirsch and Defendant Robert Dean

are each 50 percent shareholders in ZFX, Inc. ("ZFX"). Compl. ¶¶ 2–4, ECF No. 1. ZFX is a

Nevada corporation that provides flying effects services for stage performances. *Id*. ¶¶ 4, 7–8. In

2014, Kirsch told Dean that she was considering selling her ZFX shares and ZFX Property

membership units. *Id*. ¶ 20. Around December 2015, Kirsch learned that Dean had removed her

from the corporate records as an officer and director. *Id*. ¶ 27.

        In February 2016, Dean sent Kirsch proposed sale agreements, which she signed. *Id*. ¶¶

28–29. Dean then told Kirsch that he had discovered a number of financial irregularities that had

occurred while she was serving as president of ZFX and that he would not be able to execute the

sales agreement until the financial irregularities were resolved. *Id*. ¶ 33. He removed Kirsch's access to ZFX's computer system and financial records. *Id*. ¶ 32. He also discontinued her health and dental insurance plans, and her pay. *Id*. ¶ 34.

Kirsch then brought this action against Dean. She seeks a declaration of rights that she is a 50% owner, director, and president of ZFX and a 50% owner and member of ZFX Property (Count I). *Id*. ¶¶ 37–39. She also asserts that Dean breached his fiduciary duties he owed her as a shareholder and member (Court II), applies for a custodian under Nevada Revised Statute § 78.347 (Count III), and seeks punitive damages (Count IV). *Id*. ¶¶ 40–61.

B.    Procedural History

In August 2016, this Court dismissed Count III of the complaint, ECF No. 11. Thereafter, Dean answered the complaint and filed an amended counterclaim, ECF No. 13. He also moved to compel arbitration and to stay further proceedings, ECF No. 14. Dean's answer and motion to compel arbitration and stay further proceedings assert arguments based on a document entitled the "Stock Restriction Agreement Between ZFX, Inc. And It's [sic] Shareholders" ("the Stock Restriction Agreement"). Ex. 1, ECF No. 13-1; Answer ¶¶ 122–36, ECF No. 13; Mem. Supp. Mot. Compel Arbitration 1–10, ECF No. 14.

Dean now moves to disqualify Kirsch's counsel, Middleton Reutlinger and to strike documents that it filed in the case, ECF No. 20-1. Dean essentially argues that Middleton Reutlinger should be disqualified because it has a conflict of interest in representing Kirsch that arises from its attorneys' prior involvement with the Stock Restriction Agreement. Mem. Supp. Mot. Disqualify 1, ECF No. 20-1.

C.      The Stock Restriction Agreement

In relevant part, the Stock Restriction Agreement is a contract that was made "by and among ZFX, Inc. . . . and Robert Dean and Terri Kirsch." Ex. 1 at 1, ECF No. 13-1. The Stock Restriction Agreement provides a number of rules governing the ownership of ZFX, including those imposing limitations on the sale of shares of the company, requiring the company to maintain insurance, and promising not to compete with the company. *Id.* at 1–10. It was originally drafted by an attorney in California in 1998. Kirsch Aff. ¶ 1, ECF No. 31-8.

On August 10, 2012, Kirsch, in her then-position as the President of ZFX, asked a Middleton Reutlinger attorney to review the Stock Restriction Agreement. Collins Aff. ¶ 2–4, ECF No. 31-7. Kirsch's initial email to the Middleton Reutlinger attorney explains, "Robert and I made a few changes since it was originally written . . . and we both lived on the west coast." Email 8/10/12, ECF No. 20-3. To this email, the attorney replied, "Terri, good to hear from you. I will be happy to look at your revised agreement today and let you know of any suggestions I might have." Email 8/10/12, ECF No. 20-4. Kirsch later reported to the Middleton Reutlinger attorney that she had the attorney's "notes" on the Stock Restriction Agreement but that she could not talk that day and "Robert [Dean] is in London." Email 9/12/12, ECF No. 20-5. In October 2012, the Middleton Reutlinger attorney apparently sent a follow-up email with the eight revisions to the document that it had suggested. Email 10/18/12, ECF No. 22.

IV.     Discussion

A party moving for disqualification of the opposing party's counsel bears the burden of proof of showing that disqualification is necessary. *McCauley v. Family Dollar, Inc.*, No. 3:10-cv-363-S, 2010 U.S. Dist. LEXIS 116636, at *3 (W.D. Ky. Nov. 1, 2010). A district court has discretion in ruling on a motion to disqualify. *See United States v. Dandy*, 998 F.2d 1344, 1349

(6th Cir. 1993) (asserting that a denial of a motion to disqualify is reviewed for an abuse of discretion). The courts should be "sensitive to the competing public policy interests of preserving client confidences and of permitting a party to retain counsel of his choice." *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988). The courts have a duty to supervise the behavior of the attorneys who before them and take action to prevent unethical conduct. *Bartech Indus. v. Int'l Baking Co.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996). The courts, however, must recognize that motions to disqualify opposing counsel can be a "potent weapon" in ligation. *Manning*, 849 F.2d at 224.

As an initial matter, Kirsch and Dean disagree about what standard of professional conduct governs whether an attorney should be disqualified for his or her former representation of a client. Dean urges this Court to look to the Kentucky's Rules of Professional Conduct to determine whether an attorney should be disqualified. Mem. Supp. Mot. Disqualify 4–5, ECF No. 20-1. The relevant Kentucky Rule of Professional Conduct, Rule 1.9(a), provides, "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in . . . a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Ky. S. Ct. R. 3.130(1.9)(a). The commentary to Rule 1.9 explains that "[a]fter termination of a client-lawyer relationship, a lawyer has certain continuing duties with respect to confidentiality and conflicts of interest and thus may not represent another client except in conformity with this Rule." Ky. S. Ct. R. 3.130(1.9)(a) comm. 1.

Kirsch urges the Court not to look to Rule 1.9 to determine whether an attorney should be disqualified but instead to use a three-part test developed by the United States Court of Appeals for the Sixth Circuit. Resp. Opp. Mot. Disqualify 9, ECF No. 31. Under this three-part test, first a

past attorney-client relationship must have existed between the party seeking disqualification and the attorney that it seeks to disqualify. *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882, 889 (6th Cir. 1990). Second, the subject matter of the former attorney-client relationship must have been substantially related to the new matter. *Id*. Third, the attorney obtained confidential information from the party seeking disqualification. *Id*.

As the Sixth Circuit Court of Appeals recently noted, "the effect of using the Kentucky Rules of Professional Conduct in place of or in conjunction with our *Dana* analysis is minimal at best" because the *Dana* analysis is essentially the same as Rule 1.9(a). *Bowers v. Ophthalmology Group*, 733 F.3d 647, 651 (6th Cir. 2013). As such, this Court will follow the *Bowers* court. The Court will apply the *Dana* analysis to this matter to determine whether Middleton Reutlinger should be disqualified for their prior involvement with the Stock Restriction Agreement.

Turning to first part of the *Dana* framework—whether a past attorney-client relationship existed between the party seeking disqualification and counsel the party seeks to disqualify—, Dean contends that Middleton Reutlinger previously represented him and ZFX when it reviewed the Stock Restriction Agreement in 2012. Mem. Supp. Mot. Disqualify 5, ECF No. 20-1. In support, he points to the language of the emails sent between Middleton Reutlinger and Kirsch, that the Stock Restriction Agreement includes individual obligations, that the suggested revisions concerned Kirsch and Dean's individual obligations, his affidavit attesting to his belief that Middleton Reutlinger represented him in his personal capacity, and that Middleton Reutlinger never advised him otherwise as required by Kentucky Rule of Professional Conduct 1.13. *Id*. at 6–8; Reply 13, ECF No. 40. Kirsch admits that Middleton Reutlinger represented ZFX when it reviewed the document. Resp. Opp. Mot. Disqualify 13, ECF No. 31. But she contends that Dean was never a client of Middleton Reutlinger. *Id*. at 14. She maintains that Dean's personal belief

5

that Middleton Reutlinger represented his interests when it revised the Stock Restriction Agreement does not mean that he formed an attorney-client relationship with the law firm. *Id*. at 15. She also asserts that the other evidence Dean provides in support of his motion to disqualify fails to show that he communicated his belief to the law firm, as required by the applicable case law. *Id*. at 15–16, 16–17 n.8.

Generally, "an attorney for a corporation does not automatically represent the corporation's constituents in their individual capacities, even on the same matters. There must be clear consent." *Innes v. Howell Corp.*, 76 F.3d 702, 712 (6th Cir. 1996); *see also Ross v. City of Memphis*, 423 F.3d 596, 605 (6th Cir. 2005) (explaining that "the individual officer must indicate to the lawyer that he seeks advice in his individual capacity" to claim the attorney-client privilege).

Here, the available evidence fails to indicate that Dean consented to having Middleton Reutlinger represent him in his individual capacity or that he indicated to Middleton Reutlinger that he sought advice in his personal capacity when it revised the Stock Restriction Agreement in 2012. The language used in the emails sent between Kirsch and Middleton Reutlinger and the revisions to the Stock Restriction Agreement do not show that Dean asked the law firm to represent him in his personal capacity. And while Dean affirms that he believed that "Middleton [Reutlinger] would jointly represent all three parties to the Stock Restriction Agreement," Dean Aff. ¶ 9, ECF No. 20-6, the attorney who worked on the Stock Restriction Agreement asserts that Dean did not request that Middleton Reutlinger represent him in his individual capacity, as is required by the applicable case law. Collins Aff. ¶ 18, ECF No. 31-7; *Innes*, 76 F.3d at 712. Because the evidence does not suggest that Dean consented to or asked for Middleton Reutlinger to represent him in his personal capacity when it revised the Stock Restriction Agreement, the

6

law firm could not have reasonably expected that he intended that it do so; thus, the attorneys at Middleton Reutlinger were not required to notify Dean that they did not represent him in his personal capacity under Kentucky Rule of Professional Conduct 1.13(g).[1]

In addition to Dean's inability to show that Middleton Reutlinger represented him in his individual capacity, he is unable to meet the second and third requirements of the *Dana* analysis. The available evidence fails to indicate that the revisions to the Stock Restriction Agreement suggested by Middleton Reutlinger relate to any dispute in this litigation. Nor does the evidence show that Middleton Reutlinger acquired any confidential information from Dean when it reviewed the document.

Dean alternatively argues that he is entitled to assert Middleton Reutlinger's conflict of interest with ZFX to support his motion to disqualify the law firm from representing Kirsch in the present ligation. Mem. Supp. Mot. Disqualify 5 n.5, ECF No. 20-1. Dean explains that because he is "ZFX's President and, when the Stock Restriction Agreement is enforced, will be ZFX's sole shareholder . . . It would exact form over substance to hold that ZFX must file a separate motion to protest Middle's conflict." *Id*. at 5–6 n.5. Kirsch does not appear to address

---

[1] Kentucky Rule of Professional Conduct 1.13(g) provides that "a lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of Rule 1.7." Ky. S. Ct. R. 3.130(1.13)(g). The commentary to this rule states:

> Paragraph (g) recognizes that a lawyer for an organization may also represent a principal officer or major shareholder. If the organization is closely held it is possible that the owners of the organization will have an expectation that the lawyer represents the organization and the organization's owners. In this situation, when the lawyer reasonably should know that the owners have an expectation of dual representation, the lawyer should advise the owners and the representatives of the organization, preferably in writing, the identity of the lawyer's client and the ramifications of a client conflict.

Ky. S. Ct. R. 3.130(1.13)(g) comm. 12.

this argument, except perhaps to label it one of several "meritless contentions." Opp. Mot. Disqualify 17 n.8, ECF No. 31.

Middleton Reutlinger may have a conflict of interest in representing Kirsch and ZFX. But ZFX is not a named party to this litigation and has not yet moved to intervene. Moreover, the issue whether Dean is ZFX's sole shareholder has not yet been determined. Thus, whether Middleton Reutlinger has a conflict of interest necessitating disqualification because of its representation of ZFX regarding the Stock Restriction Agreement is irrelevant at this time to the present motion.

Given that Dean cannot meet any of the factors under the *Dana* analysis and that he cannot assert ZFX's conflict with Middleton Reutlinger, the Court, recognizing that a motion to disqualify can be a potent weapon in ligation, will thus decline to grant Dean's motion.

IV.    Conclusion

For the reasons set forth above, the Court will deny Dean's motion to disqualify Middleton Reutlinger as Kirsch's counsel and to strike the law firm's filings in this case. An order will be entered in accordance with this memorandum.

December 6, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**