UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TERRI KIRSCH   PLAINTIFF

v.   CIVIL ACTION NO. 3:16:CV-00299-CRS

ROBERT DEAN   DEFENDANT

Memorandum Opinion

I.   Introduction

This matter is before the Court on the motion of Defendant Robert Dean to compel arbitration and to stay further proceedings as to claims concerning ZFX, Inc. ("ZFX"), ECF No. 14. Plaintiff Terri Kirsch responded, ECF No. 18, and Dean replied, ECF No. 28. Kirsch then moved to stay the American Arbitration Association (AAA) arbitration proceedings pending the Court's decision on Dean's motion to compel arbitration, ECF No. 35. Dean responded, ECF No. 37, and Kirsch replied, ECF No. 41.

Because these motions involve the same facts and issues, the Court will address them in a single memorandum opinion and order. For the reasons set forth below, the Court will grant Dean's motion to compel arbitration and to stay further proceedings as to Kirsch's claims concerning ZFX. The Court will also deny Kirsch's motion to stay the AAA arbitration proceedings as moot.

II.   Background

   A.   Allegations in the Complaint

As this Court has previously discussed, Kirsch and Dean are each 50 percent shareholders in ZFX. Compl. ¶¶ 2–4, ECF No. 1. ZFX is a Nevada corporation that provides flying effects services for stage performances. *Id*. ¶¶ 4, 7–8. In 2014, Kirsch told Dean that she was

1

considering selling her ZFX shares and membership units in ZFX Property Holdings, LLC ("ZFX Property"). *Id*. ¶¶ 3, 20. Around December 2015, Kirsch learned that Dean had removed her from the corporate records as an officer and director. *Id*. ¶ 27.

In February 2016, Dean sent Kirsch proposed sale agreements for her shares, which she signed. *Id*. ¶¶ 28–29. But before he bought her shares, Dean told Kirsch that he had discovered a number of financial irregularities that had occurred while she had been serving as president of ZFX and that he would not be able to execute the sales agreement until the financial irregularities were resolved. *Id*. ¶ 33. He removed Kirsch's access to ZFX's computer system and financial records. *Id*. ¶ 32. He also discontinued her health and dental insurance plans, and her pay. *Id*. ¶ 34.

Kirsch then brought this action against Dean. She seeks a declaration of rights that she is a 50% owner, director, and president of ZFX and a 50% owner and member of ZFX Property (Count I). *Id*. ¶¶ 37–39. She also asserts that Dean breached his fiduciary duties he owed her as a shareholder and member (Court II), and seeks punitive damages (Count IV).[1] *Id*. ¶¶ 40–61.

B.  Dean's Counterclaims

In response to Kirsch's claims against him, Dean filed an answer and a verified amended counterclaim in which he asserts several claims against her. He alleges that she breached her fiduciary duty to ZFX "by failing to act on an informed basis and in good faith in overseeing ZFX's financial affairs" (Count 1). V. Am. Countercl. ¶¶ 75–80, ECF No. 13. Dean also alleges that Kirsch engaged in waste (Count II), *id*. ¶¶ 81–88, and that she aided and abetted a company employee in embezzling funds from ZFX (Count III), *id*. ¶¶ 89–94. He seeks declaratory relief (Count IV). *Id*. ¶¶ 95–105. He further contends that Kirsch breached her fiduciary duty to him as

---

[1] The Court dismissed Count III of the complaint with prejudice. Order, ECF No. 11.

a 50 percent shareholder in ZFX (Count V). *Id*. ¶¶ 106–21. Finally, he alleges that Kirsch breached a document entitled "Stock Restriction Agreement Between ZFX, Inc. and It's [sic] Shareholders" (the "Stock Restriction Agreement") when she pursued claims in court that the document requires to be arbitrated under its arbitration provision (Count VI). *Id*. ¶¶ 122–36.

      C.      <u>The Stock Restriction Agreement</u>

In relevant part, the Stock Restriction Agreement is a contract that was made "by and among ZFX, Inc. . . . and Robert Dean and Terri Kirsch." Ex. 1 at 1, ECF No. 13-1. The Stock Restriction Agreement was intended to "impose limitations on the resale and/or transfer of shares of the Corporation, and to provide for the orderly resale of such shares upon the occurrence of certain events." *Id*. For example, the document restricts the free transfer of shares, requires Dean and Kirsch to offer the other and ZFX a right of first refusal before selling shares to a third party, requires the company to maintain insurance for its shareholders, and prevents Dean and Kirsch from competing with ZFX in the event that either of them would end his or her relationship with the company. *Id*. at 1–10. The Stock Restriction Agreement also includes a mandatory purchase requirement. *Id*. at 4. The mandatory purchase requirement states that in the event of "the termination of a Shareholder's employment with the Company for any reason," the "Selling Shareholder shall sell, and the Remaining Shareholders shall purchase on a pro rata basis, all of the Shares of the Company owned by the Selling Shareholder." *Id*. at 4–5.

At the end of the Stock Restriction Agreement is an arbitration provision. *Id*. at 9. The arbitration provision applies to any disputes "between the parties with respect to any of the terms of [sic] provisions of this Agreement, or with respect to the performance by any of the parties under this Agreement." *Id*.

III.   Discussion

    A.   Whether the Claims are Subject to Arbitration

Dean now moves to compel arbitration of Kirsch's claims related to ZFX based on the arbitration provision in the Stock Restriction Agreement; he does not move to compel arbitration of Kirsch's claims involving ZFX Property. *See* Mem. Supp. Mot. Compel 3, ECF No. 14-1. He argues that Kirsch's claims related to ZFX are subject to arbitration because they arise from his alleged conduct in failing to purchase her ZFX shares. *Id*. at 7–8. Kirsch, however, maintains that her claims do not concern the terms or provisions of the Stock Restriction Agreement, or her or Dean's performance under the document, and thus they are not subject to the arbitration provision. Resp. Opp. Mot. Compel 5, ECF No. 5.

Both parties agree that the Federal Arbitration Act (FAA) applies to this matter. Mem. Supp. Mot. Compel 3, ECF No. 14-1; Resp. Opp. Mot. Compel 5, ECF No. 5. Under the FAA, "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When asked to compel arbitration under a contract, a federal court must determine first whether the parties agreed to arbitrate the issue. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). The court should ask if the action could be maintained without "reference to the contract or relationship at issue." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003). If so, the action is likely outside the scope of the arbitration agreement. *Id*.

The court must decide whether the parties agreed to arbitrate the issue "in light of the strong federal policy in favor of arbitration." *Stout*, 228 F.3d at 714. Thus, "any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Id*.

4

Arbitration, however, is not absolute: "no matter how strong [sic] the federal policy favors arbitration, arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration*." Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005) (citations omitted).

Here, the arbitration provision broadly applies to Kirsch, Dean, and ZFX's obligations described in the Stock Restriction Agreement; any disputes "between the parties with respect to any of the terms of [sic] provisions of this [Stock Restriction] Agreement, or with respect to the performance by any of the parties under this [Stock Restriction] Agreement" are subject to arbitration. Ex. 1 at 9, ECF No. 13-1.

Kirsch's claims arise from Dean's failure to purchase her ZFX shares, an event that is contemplated by the Stock Restriction Agreement, including by its mandatory buy out requirement. In her complaint, Kirsch asserts that she told Dean that she was considering selling her shares in ZFX. Compl. ¶ 20, ECF No. 1. She then explains that they reached tentative terms for the sale of her shares and that Dean then prepared written agreements for the sale. *Id*. ¶ 22, 23. Kirsch alleges that Dean then emailed the documents to her and that she signed and mailed copies to him per his instructions. *Id*. ¶ 28, 29. She alleges that she signed the documents in February 2012. *Id*. ¶ 22. But then Dean never finalized the sales, instead informing her that he could not buy the shares until some financial irregularities that he had discovered were resolved. *Id*. ¶ 33. She explains that these actions "were designed to illegally 'freeze out' and oppress [her], effectively rendering her shares and units worthless." *Id*. ¶ 34. From these actions arose Kirsch's claims against Dean as related to ZFX.

Because Kirsch's claims related to ZFX stem from Dean's failure to purchase her shares in the company—an event that implicates the Stock Restriction Agreement—they cannot be

5

resolved without reference to the document. Thus, these claims are subject to the arbitration provision. *See Fazio*, 340 F.3d at 395 (directing that if the action could not be maintained without "reference to the contract or relationship at issue," then it would be subject to arbitration). That the claims are subject to arbitration is further supported by the declaration of the United States Court of Appeals for the Sixth Circuit that "any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Stout*, 228 F.3d at 714.

      B.    <u>Whether Kirsch's Affirmative Defenses Prevent Arbitration</u>

Kirsch asserts the affirmative defenses of estoppel and waiver in further support of her argument that her claims involving ZFX should not be submitted to arbitration under the Stock Restriction Agreement's arbitration provision. Mem. Opp. Mot. Compel, 7–10, 14–18, ECF No. 18. Her arguments are nearly identical to those that she raised in her motion to dismiss Count IV of the verified amended counterclaim. *See* Mot. Dismiss, ECF No. 17.

           *i. Whether Dean is Equitably Estopped from Relying on the Arbitration Provision*

Kirsch asserts that Dean is equitably estopped from relying on the arbitration provision in the Stock Restriction Agreement because (1) he concealed material facts, (2) she had no knowledge of the material facts, (3) he takes a new litigation position that is inconsistent with his previous position, and (4) his conduct has injured or will injure her. *Id*. at 7–10. Dean disputes these factual assertions and argues that Kirsch thus cannot prove the elements of equitable estoppel. Reply 2–9, ECF No. 28.

State contract law is applicable to determine whether an arbitration agreement is valid, revocable, and enforceable generally. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009). As the Stock Restriction Agreement contains a choice of law provision that states that the

agreement "shall be governed by, construed and enforced in accordance with the laws of the Commonwealth of Kentucky," Ex. 1 at 9, ECF No. 13-1, this Court will apply Kentucky law to the issue of whether Dean is equitably estopped from asserting his rights under the arbitration provision.

As this Court previously noted, a party alleging equitable estoppel in Kentucky must prove the following elements:

> (1) [c]onduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, [the elements of equitable estoppel] are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially.

*Smith v. Howard*, 407 S.W.2d 139, 143 (Ky. 1966).

Regarding the elements that concern the conduct of the party being estopped, Kirsch asserts that Dean concealed the arbitration and mandatory buy-out provisions in the document, Mem. Opp. Mot. Compel, 8, ECF No. 18. In support of this allegation, she points to Dean's choice to litigate her claims on the merits rather than compel arbitration upon receiving the complaint. *Id*. But Dean swears in his affidavit that he had no recollection of the Stock Restriction Agreement before September 28, 2016, Dean Aff. ¶ 6, ECF No. 20-6, a date that occurred after he submitted his motion to dismiss. Mot. Dismiss, ECF No. 4. Moreover, shortly after he remembered the Stock Restriction Agreement, he filed his motion to compel arbitration. Mot. Compel, ECF No. The Court thus finds that Dean did not conceal the arbitration and mandatory buy-out provisions in the Stock Restriction Agreement, as Kirsch contends.

7

Concerning the elements that related to the party claiming estoppel, Kirsch argues that she had no knowledge of the Stock Restriction Agreement and its arbitration and buy-out provisions because she could not access ZFX's electronic network. Opp. Mot. Compel 8–9, ECF No. 18. Yet Kirsch asked for and obtained legal advice about the Stock Restriction Agreement in 2012. Email 8/10/12, ECF No. 20-3; Email 9/12/12. ECF No. 20-5. She also signed the Stock Restriction Agreement at that time. Ex. 1 at 10, ECF No. 13-1. Given this evidence, Kirsch was aware of the Stock Restriction Agreement and read or should have read its arbitration and buy-out provisions.

Kirsch also maintains that Dean has taken an inconsistent litigation position by filing a motion to dismiss her claims and then by raising the Stock Restriction Agreement's arbitration provision in his answer and verified amended counterclaim. Opp. Mot. Compel, 9–10, ECF No. 18. As stated above, Dean had no recollection of the Stock Restriction Agreement until after he filed his motion to dismiss. Dean Aff. ¶ 6, ECF No. 20-6; Mot. Dismiss 1, ECF No. 4. Moreover, Dean has not taken inconsistent litigation positions in filing a motion to dismiss Kirsch's claims under Federal Rule of Civil Procedure 12(b)(6) before submitting his answer. Rather, he has followed the proper order of litigation. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

Finally, Kirsch contends that Dean's inconsistent litigation positions could severely prejudice her. Opp. Mot. Compel 10, ECF No. 18. But, as explained above, Kirsch knew about the Stock Restriction Agreement and could have initiated arbitration. Instead, she chose to litigate the matter. As such, Kirsch is unable to show that Dean's litigation strategy is or could prejudice her.

Given that Kirsch is unable to show that Dean is equitably estopped from relying on the arbitration provision in the Stock Restriction Agreement, her claims involving ZFX shall proceed to arbitration.

*ii. Whether Dean Waived His Right to Compel Arbitration*

Kirsch argues that Dean waived his right to compel arbitration of her claims involving ZFX when he filed a motion to dismiss and original counterclaims that made no mention of the arbitration provision then filed an answer that mentioned the arbitration provision. Mem. Opp. Mot. Compel 14–18, ECF No. 18. Dean asserts that, consistent with current Sixth Circuit precedent, his act of raising the arbitration provision in his answer after filing a motion to dismiss Kirsch's claims does not amount to waiver and that his original counterclaims did not implicate the arbitration clause. Reply 11–15, ECF No. 28.

In the Sixth Circuit, federal law applies to the question of whether a party has waived his right to compel arbitration. *See, e.g., Highlands Wellmont Health Network v. John Deere Health Plan*, 350 F.3d 568, 574 (6th Cir. 2003) (applying federal law); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 356 (6th Cir. 2003) (same). A party waives a right to compel arbitration if "it acts in a manner completely inconsistent with any reliance on an arbitration agreement" or delays asserting arbitration to such an extent that the opposing party incur[red] actual prejudice." *Shy v. Navistar Int'l Corp.*, 781 F.3d 820, 827–28 (6th Cir. 2015) (citing *Hurley v. Deustsche Bank Trust Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010)). A party does not waive its right to arbitrate by only filing a motion to dismiss. *Healthcare Mgmt. Sys. v. Syntel Ltd.*, No. 3:12-0845, 2013 U.S. Dist. LEXIS 103252, at *8 (M.D. Tenn. July 24, 2013) (quoting *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)).

Here, Dean's filing of a motion to dismiss did not waive his right to compel arbitration under the Stock Restriction Agreement's arbitration provision. *See Syntel, Ltd.*, 2013 U.S. Dist. Lexis 103252 at *8. Additionally, his original counterclaims do not concern the Stock Restriction Agreement or the sale of Kirsch's shares; instead, they concern Kirsch's misconduct in relationship to Janet McIsaac, an employee of ZFX. *See* Countercl. ¶¶ 75–105. As Dean did not waive his rights to arbitration, Kirsch's claims involving ZFX shall proceed to arbitration.

IV. <u>Conclusion</u>

The Court will grant Dean's motion to compel arbitration and to stay further proceedings as to Kirsch's claims that relate to ZFX. The Court will also deny Kirsch's motion to stay AAA arbitration proceedings as moot. Kirsch's claims involving ZFX Property will not be subject to arbitration. This Court will refer the remainder of the matter to the magistrate judge. The Court will enter an order in accordance with this memorandum opinion.

December 31, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**