UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TERRI KIRSCH                                                                                    PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:16-CV-00299-CRS

ROBERT DEAN                                                                                    DEFENDANT

Memorandum Opinion

I.  Introduction

The matter is before the Court on the motion of Plaintiff Terri Kirsch to strike exhibit 1 to ZFX, Inc.'s reply in support of its motion to intervene and arguments that reference exhibit 1 under Federal Rule of Civil Procedure 12(f), ECF No. 68. ZFX, Inc. responded, ECF No. 69. Kirsch replied, ECF No. 70. For the reasons explained below, the Court will deny Kirsch's motion to strike.

II.  Background

    A.  Allegations in the Complaint

As this Court has previously discussed, Kirsch and Defendant Robert Dean are each 50 percent shareholders in ZFX, Inc. ("ZFX"). Compl. ¶¶ 2–4, ECF No. 1. ZFX is a Nevada corporation that provides flying effects services for stage performances. *Id*. ¶¶ 4, 7–8. In 2014, Kirsch told Dean that she was considering selling her ZFX shares. *Id*. ¶ 20. Around December 2015, Kirsch learned that Dean had removed her from the corporate records as an officer and director. *Id*. ¶ 27.

In February 2016, Dean sent Kirsch proposed sale agreements, which she signed. *Id*. ¶¶ 28–29. Dean then told Kirsch that he had discovered a number of financial irregularities that had occurred while she was serving as president of ZFX and that he would not be able to execute the

1

sales agreement until the financial irregularities were resolved. *Id.* ¶ 33. He removed Kirsch's access to ZFX's computer system and financial records. *Id.* ¶ 32. He also discontinued her health and dental insurance plans, and her pay. *Id.* ¶ 34.

Kirsch then brought this action against Dean. She seeks a declaration of rights that she is a 50% owner, director, and president of ZFX and a 50% owner and member of ZFX Property Holdings, LLC, a Kentucky limited liability company that owns the property on which ZFX operates (Count I). *Id.* ¶¶ 17, 37–39. She also asserts that Dean breached his fiduciary duties he owed her as a shareholder and member (Court II), applies for a custodian under Nevada Revised Statute § 78.347 (Count III), and seeks punitive damages (Count IV).[1] *Id.* ¶¶ 40–61.

B.  Procedural History

In October 2016, Dean moved to disqualify Kirsch's counsel, Middleton Reutlinger, based upon a conflict of interest and to strike documents that it had filed in the case. Mot. Disqualify 1, ECF No. 20. The Court denied the motion to disqualify Kirsch's counsel and to strike the documents that the law firm had filed in the case. Order 12/6/16 1, ECF No. 47. ZFX has now moved to intervene as a defendant in the case to raise Middleton Reutlinger's conflict of interest. Mot. Intervene 1, ECF No. 49.

Accompanying ZFX's reply to its motion to intervene is exhibit 1. Ex. 1, ECF No. 64-1. Exhibit 1 is a compilation of Kirsch's social media profiles from Twitter, LinkedIn, and Facebook. *Id.* The exhibit includes posts and photographs that Kirsch has uploaded to the social media websites, as well as limited biographical information that she has provided to the public. *Id.*

---

[1] In August 2016, this Court dismissed Count III of the complaint. Order 8/20/2016 1, ECF No. ECF No. 11.

III.  Discussion

Kirsch argues that the Court should strike exhibit 1 and arguments in ZFX's motion to intervene that reference exhibit 1 because the exhibit is "irrelevant," "of a personal nature," and was included in the record to "embarrass and annoy [her] without serving any substantive purpose in this case." Mot. Strike 1, ECF No. 68-1. ZFX argues in opposition that the motion to strike should be denied because Rule 12(f) permits a court to strike a "pleading" and an exhibit is not a pleading, exhibit 1 is relevant to the present action, and the information in exhibit 1 is readily available to the public. Resp. Opp. Mot. Strike 1–5, ECF No. 69.

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In this case, the information included in exhibit 1's social media profiles appears to have been made public by Kirsch. While the social media profiles may include personal information, anyone with internet access could have searched for and found the profiles. Therefore, Kirsch's argument that the exhibit embarrasses and annoys her lacks merit, and the Court will deny her motion to strike.

IV.  Conclusion

The Court will deny Kirsch's motion to strike exhibit 1 and the arguments that reference exhibit 1 in ZFX's motion to intervene. An order will be entered in accordance with this memorandum opinion.

March 13, 2017

Charles R. Simpson III, Senior Judge
United States District Court