UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TERRI KIRSCH                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:16-CV-00299-CRS

ROBERT DEAN                                                                                    DEFENDANT

Memorandum Opinion

I.  Introduction

This matter is before the Court on the objections of Defendant Robert Dean to the order that Magistrate Judge Dave Whalin issued on April 3, 2017 ("the magistrate judge's order"), ECF No. 83. Plaintiff Terri Kirsch responded, ECF No. 84. Dean did not reply. For the reasons explained below, the Court will deny Dean's objections to the magistrate judge's order.

At this time, the Court will also address ZFX, Inc.'s motion to intervene in this litigation under Federal Rule of Civil Procedure 24, ECF No. 49, and its proposed motion to disqualify Kirsch's counsel and to strike filings made by the law firm, ECF No. 49-3. Kirsch jointly responded to these motions, ECF No. 58. ZFX, Inc. replied, ECF No. 64. For the following reasons, the Court will deny ZFX, Inc.'s motion to intervene and its proposed motion to disqualify Kirsch's counsel and to strike filings made by the law firm.

II.  Background

The Court has recounted the facts of this case at several points in this litigation. *See, e.g.*, Mem. Op. 8/31/3016 1–2, ECF No. 10; Mem. Op. 12/07/2016 1–2, ECF No. 46. The Court, however, believes a review of the events giving rise to Kirsch's claims against Dean and Dean's counterclaims, as well as the procedural history of the case, would be of assistance in considering Dean's objections and ZFX, Inc.'s motions.

1

A.  Allegations in the Complaint

Kirsch and Defendant Robert Dean are each 50 percent shareholders in ZFX, Inc. Compl. ¶¶ 2–4, ECF No. 1. ZFX, Inc. is a Nevada corporation that provides flying effects services for stage performances. *Id*. ¶¶ 4, 7–8. In 2014, Kirsch told Dean that she was considering selling her ZFX, Inc. shares. *Id*. ¶ 20. Around December 2015, Kirsch learned that Dean had removed her from the corporate records as an officer and director. *Id*. ¶ 27.

In February 2016, Dean sent Kirsch proposed sale agreements, which she signed. *Id*. ¶¶ 28–29. Dean then told Kirsch that he had discovered a number of financial irregularities that had occurred while she was serving as president of ZFX, Inc. and that he would not be able to execute the sales agreement until the financial irregularities were resolved. *Id*. ¶ 33. He removed Kirsch's access to ZFX, Inc.'s computer system and financial records. *Id*. ¶ 32. He also discontinued her health and dental insurance plans, and her pay. *Id*. ¶ 34.

Kirsch then brought this action against Dean. She seeks a declaration of rights that she is a 50% owner, director, and president of ZFX, Inc. and a 50% owner and member of ZFX Property Holdings, LLC, a Kentucky limited liability company that owns the property on which ZFX, Inc. operates (Count I). *Id*. ¶¶ 17, 37–39. She also asserts that Dean breached his fiduciary duties he owed her as a shareholder and member (Court II), applies for a custodian under Nevada Revised Statute § 78.347 (Count III), and seeks punitive damages (Count IV).[1] *Id*. ¶¶ 40–61.

B.  Dean's Counterclaims

In response to Kirsch's claims against him, Dean filed an answer and a verified amended counterclaim in which he asserts several claims against her. He alleges that she breached her fiduciary duty to ZFX, Inc. "by failing to act on an informed basis and in good faith in

---

[1] In August 2016, this Court dismissed Count III of the complaint. Order 8/20/2016 1, ECF No. 11.

overseeing ZFX's financial affairs" (Count I). V. Am. Countercl. ¶¶ 75–80, ECF No. 13. Dean also alleges that Kirsch engaged in waste (Count II), *id*. ¶¶ 81–88, and that she aided and abetted a company employee in embezzling funds from ZFX, Inc. (Count III), *id*. ¶¶ 89–94. He seeks declaratory relief (Count IV). *Id*. ¶¶ 95–105. He further contends that Kirsch breached her fiduciary duty to him as a 50 percent shareholder in ZFX, Inc. (Count V). *Id*. ¶¶ 106–21. Finally, he alleges that Kirsch breached a document entitled "Stock Restriction Agreement Between ZFX, Inc. and It's [sic] Shareholders" (the "Stock Restriction Agreement") when she pursued claims in court that the document requires to be arbitrated under its arbitration provision (Count VI). *Id*. ¶¶ 122–36.

  C. <u>The Court's Order of Arbitration</u>

Dean moved to compel arbitration of Kirsch's claims and to stay further proceedings in this Court pending the completion of arbitration. Mot. Compel Arbitration 1, ECF No. 14. This Court granted Dean's motion to compel arbitration and to stay further proceedings as to Kirsch's claims against Dean related to ZFX, Inc. Order 12/31/2016 1, ECF No. 55. The Court stated that "Kirsch's claims [against Dean] involving ZFX Property Holdings, LLC [were] not . . . subject to arbitration." *Id*. The Court explained that Kirsch's claims related to ZFX, Inc. arose from Dean's failure to purchase her ZFX, Inc. shares, an event that implicated the arbitration provision found in the Stock Restriction Agreement. Mem. Op. 12/31/2016 5, ECF No. 54. In comparison, neither Kirsch's claims involving ZFX Property Holdings, LLC nor Dean's amended counterclaims implicated the arbitration provision. *Id*. at 10.

  D. <u>The Magistrate Judge's Order Staying Dean's Counterclaims</u>

Dean then moved to stay all litigation of Kirsch's claims related to ZFX Property Holdings, LLC pending the completion of arbitration. Mot. Stay 1, ECF No. 60. Dean also

3

requested that his amended counterclaims proceed in this Court simultaneously with arbitration. *Id*. Dean explained that "[t]he Court has already conveyed that almost all of [his] counterclaims are legally and factually independent from Kirsch's arbitrable claims." *Id*. at 7. He further argued that counterclaim VI "does not concern the alleged conduct or legal issues that have been referred to arbitration" and thus that "there is no reason to stay this counterclaim pending completion of arbitration." *Id*. at 9. Finally, he maintained that his counterclaims "have advanced to the point that staying them pending completion of arbitration merely postpones the inevitable." *Id*.

In her response, Kirsch argued that a federal court has discretion to stay claims pending the completion of arbitration and that Dean had implicitly conceded that litigation of his counterclaims should be stayed pending the completion of arbitration. Resp. Opp. Mot. Stay 9–14, ECF No. 67.

The magistrate judge granted in part and denied in part Dean's motion to stay the proceedings in this Court. Order 4/03/17 1, ECF No. 82. The magistrate judge granted Dean's motion to stay litigation of Kirsch's claims related to ZFX Property Holdings, LLC. *Id*. at 4. The magistrate judge explained that these claims "implicate[d] the same factual and legal dispute that the court sent to arbitration." *Id*. The magistrate judge further stated that Kirsch's claims against Dean related to ZFX, Inc. and ZFX Property Holdings, LLC "are almost identical and involve the same factual allegations." *Id*. at 5.

The magistrate judge denied Dean's request that his amended counterclaims proceed in this Court simultaneously with arbitration. *Id*. The magistrate judge wrote that Dean's counterclaims respond to why Dean "'froze out' Kirsch from ZFX[, Inc.] and why Dean did not execute the sales agreements that Kirsch signed. . . . In other words, Dean's amended

4

counterclaims are not dependent on the Stock Restriction Agreement, but these claims will likely be affected by the claims in arbitration." *Id*. at 5–6.

III. <u>Dean's Objections to the Magistrate Judge's Order</u>

Dean objects to the portion of the magistrate judge's order requiring that his counterclaims be stayed pending the completion of arbitration. Obj. 1, ECF No. 83. The magistrate judge's factual findings are reviewed under the clearly erroneous standard. *Heights Cvmt. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. Under the clearly erroneous standard, the Court does not ask whether the magistrate judge reached "the best or only conclusion that can be drawn from the evidence." *Knox v. Prudential Ins. Co. of Am.*, No. 13-CV-00424-CRS, 2014 U.S. Dist. LEXIS 170597, at *4 (W.D. Ky. Dec. 9, 2014) (citing *Tri-Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)). "Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Id*.

In comparison, the magistrate judge's legal conclusions are subject to the plenary "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). A legal conclusion is contrary to law when it contradicts or ignores applicable legal principles found in the Constitution, statutes, and case precedent. *Id*. The Court must thus exercise "independent judgment" in reviewing the magistrate judge's legal conclusions. *Id*.

Dean asserts the following three objections to the magistrate judge's order: (1) the order "erroneously stays amended Count [VI], which is analytically distinct from [his] other amended counterclaims"; (2) the order "is inconsistent with the Court's memorandum opinion referring

5

Kirsch's ZFX claims to arbitration"; and (3) the order "is overbroad to the extent that it stays the disposition of the pending dispositive motions." Obj. 3, ECF No. 83. The Court will overrule all of these objections.

### A. Whether the Magistrate Judge's Order Erroneously Stayed Counterclaim VI

Dean first argues that the magistrate judge's order should be modified or set aside because the order erroneously stayed counterclaim VI. *Id*. at 4. Dean explains that this counterclaim concerns Kirsch's later decision to sue in this Court, "not Kirsch's mismanagement of ZFX's finances." *Id*. Dean further maintains that counterclaim VI is not sufficiently intertwined with the issues that are currently being arbitrated to justify its stay pending the completion of arbitration. *Id*. Kirsch contends in opposition that Dean already raised this argument in his motion to stay her claims that the magistrate judge's order addressed. Resp. Opp. Obj. 3, ECF No. 84. Thus, according to Kirsch, Dean's arguments regarding counterclaim VI are not a proper basis for an objection. *Id*.

When enforcing an arbitration clause, a district court must determine "whether to stay the remainder of the proceedings pending arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). In some instances, a district court may decide to stay litigation pending the outcome of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20, 103 S. Ct. 927, 939 n.23 (1983). This decision is "one left to the district court . . . as a matter of its discretion to control its docket." *Id*.

District courts in the Sixth Circuit have exercised that discretion in a variety of circumstances. *See, e.g., Queen v. Right Choice Staffing Grp., LLC*, No. 15-10055, 2015 U.S. Dist. LEXIS 87073, at *23–24, (E.D. Mich. July 6, 2015); *Vaughn v. Marshall*, No. 2:09 CV 00097, 2009 U.S. Dist. LEXIS 98171, at *4 (S.D. Ohio Oct. 8, 2009); *DRS Precision Echo, Inc.*

6

*v. Mich. Magnetics, Inc.*, No. 1:02-cv-161, 2003 U.S. Dist. LEXIS 3851, at *5 (W.D. Mich. Jan. 7, 2003). One district court explained that a stay is justified when "a lawsuit against a nonsignatory [to an arbitration agreement] depends upon the same facts and is inherently inseparable from the arbitrable claims." *Patnik v. Citicorp Bank Tr, FSB*, 412 F. Supp. 2d 753, 762 (N.D. Ohio 2005). In comparison, another district court explained that a stay is not justified when "it is far from certain that the arbitration proceedings will have any preclusive effect on the litigation of nonarbitrable federal claims." *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, No. 11-374-JBC, 2013 U.S. Dist. LEXIS 276, at *24 (E.D. Ky. Jan. 2, 2013) (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 222 (1985)).

The counterclaim at issue here alleges that Kirsch breached the Stock Restriction Agreement when she pursued claims in court that the document requires to be arbitrated under its arbitration provision. V. Am. Countercl. ¶¶ 122–36, ECF No. 13. This counterclaim likely depends on much of the same facts as Kirsch's claims that are currently being arbitrated, such as Kirsch and Dean's ownership in the company and their entering into the Stock Restriction Agreement. And given that this counterclaim specifically references the arbitration provision, it is not inherently inseparable from the ongoing arbitration proceedings. Additionally, a stay extending to counterclaim VI would best serve the interest of judicial efficiency, conserve party resources, and prevent overlapping proceedings and inconsistent findings. Accordingly, this Court will overrule Dean's first objection to the magistrate judge's order.

> B. <u>Whether the Magistrate Judge's Order is Inconsistent with the Court's Memorandum Opinion Referring Kirsch's ZFX, Inc. Claims to Arbitration</u>

Dean secondly contends that the magistrate judge's order should be modified or set aside because it is inconsistent with this Court's memorandum opinion that referred Kirsch's claims against Dean regarding ZFX, Inc. to arbitration. Obj. 5–7, ECF No. 83. Dean asserts that the

7

magistrate judge's order "found, contrary to the Court, that Kirsch's arbitrable claims and Dean's counterclaims are in fact related." *Id*. at 6. Dean further maintains that it is "logically inconsistent" to stay his counterclaims while concluding that his counterclaims "do not concern" the arbitrable controversy. *Id*. at 7. Kirsch again responds by maintaining that this argument was already raised in Dean's motion to stay her claims and thus is not a proper basis for an objection. Resp. Opp. Obj. 3, ECF No. 84.

This Court stated in its memorandum opinion examining the arbitrability of Kirsch's claims that Dean's counterclaims were not subject to arbitration because the "counterclaims do not concern the Stock Restriction Agreement or the sale of Kirsch's shares; instead, they concern Kirsch's misconduct in relation to Janet McIsaac, an employee of ZFX." Mem. Op. 12/31/2016 10, ECF No. 54. In his later order, the magistrate judge wrote:

> Even though Dean's amended counterclaims do not directly involve the Stock Restriction Agreement, his claims respond to why Dean 'froze out' Kirsch from ZFX and why Dean did not execute the sales agreements that Kirsch signed. In other words, Dean's amended counterclaims are not dependent on the Stock Restriction Agreement, but these claims will likely be affected by the claims in arbitration.

Order 4/03/17 5–6, ECF No. 82. The magistrate judge's order does not contradict the Court's explanation of why Dean's counterclaims are not subject to the arbitration clause in the Stock Restriction Agreement; rather, the order explains how the arbitration proceedings could affect Dean's counterclaims, thereby giving rise to a need for a stay of the counterclaims.

Given that the magistrate judge's order is not inconsistent with this Court's memorandum opinion, as Dean asserts, the Court will overrule his second objection to the magistrate judge's order.

C. <u>Whether the Magistrate Judge's Order is Overbroad</u>

Dean thirdly and finally asserts that the magistrate judge's order should be modified or set aside because it is overbroad. Obj. 7–10, ECF No. 83. Dean specifies that the magistrate judge's order could be interpreted by the Court as staying the Court's decisions on pending dispositive motions, including (1) his motion for entry of default and default judgment, (2) ZFX Inc.'s motion to intervene, and (3) ZFX Inc.'s proposed motion to disqualify Kirsch's counsel. *Id*.

Before addressing Dean's arguments in support of this third objection, the Court observes that the magistrate judge never stayed ZFX Inc.'s motion to intervene or ZFX Inc.'s proposed motion to disqualify Kirsch's counsel, and the Court does not interpret the stay as extending to these motions. The magistrate judge's order stayed Kirsch's claims against Dean involving ZFX Property, LLC and stayed Dean's counterclaims. Order 4/03/17 6, ECF No. 82. ZFX Inc.'s motion to intervene and ZFX Inc.'s proposed motion to disqualify Kirsch's counsel are still pending before the Court. As previously noted, the Court will address them below. In comparison, Dean's motion for entry of default and default judgment concern the claims and counterclaims at issue in the litigation, and thus the Court interprets this motion as being stayed under the magistrate judge's order.

Turning to Dean's arguments in support of his final objection to the magistrate judge's order, Dean contends that the dispositive motions should be decided now, rather than after arbitration is completed, because ZFX, Inc. might have a conflict of interest with Middleton Reutlinger and the Court has a duty to prevent unethical attorney behavior.[2] Obj. 9, ECF No. 83.

---

[2] Kirsch responds to both of Dean's arguments by asserting that that the magistrate judge already considered whether to stay all pending motions, claims, contentions, and issues in this litigation and that the issues in the pending motions "are dependent on the arbitration to the extent that the

9

In responding to Dean's previous motion to disqualify Middleton Reutlinger, this Court stated that district courts "have a duty to supervise the behavior of the attorneys who [appear] before them and take action to prevent unethical conduct." Mem. Op. 12/07/2016 4, ECF No. 46 (citing *Bartech Indus. v. Int'l Baking Co.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996)). But only Dean and Kirsch are parties in the litigation as it presently stands, *see id*. at 8, a fact that is not changed by ZFX, Inc.'s motion to intervene. And Middleton Reutlinger does not have a conflict of interest in representing Kirsch. *Id*. Dean's argument that Middleton Reutlinger is engaging in potentially unethical behavior as to a non-party fails to persuade the Court to overturn the magistrate judge's well-reasoned order.

Dean also argues that his dispositive motions should be decided at the present because "the Arbitrator has informed the parties that he will not definitely decide whether Middleton Reutlinger has a disqualifying conflict of interest vis-à-vis ZFX (who is a party in arbitration) until this Court rules on the issue." *Id*. at 9. This is factually incorrect. The arbitrator's order dated January 3, 2017 that denied Dean's motion to disqualify Middleton Reutlinger in the arbitration proceedings stated only that Middleton Reutlinger c*ould* have a conflict of interest in representing Kirsch after it had previously represented ZFX, Inc. Ex. 1 at 4, ECF No. 83-1. Contrary to Dean's assertions, the arbitrator's order does not state that he will not rule definitely on the matter until this Court acts; rather, the arbitrator writes, "Should the District Court act in the interim before this Arbitration progresses significantly, the issue can be revisited without significant harm." *Id*. at 5.

In short, Dean's third objection lacks merit, and the Court will overrule it.

IV. ZFX, Inc.'s Motion to Intervene and Proposed Motion to Disqualify Kirsch's Counsel

---

parties—and Arbitrator Michael Collins—are working for a global resolution of this entire dispute in the arbitration." Resp. Opp. Obj. 4–6, ECF No. 84.

In an effort to simplify the current litigation, the Court will now consider ZFX Inc.'s motion to intervene in the current action under Federal Rule of Civil Procedure 24. Mot. Intervene 1, ECF No. 49. Represented by Stoll Keenon Ogden PLLC—the same law firm that represents Dean in this litigation—ZFX, Inc. argues that this Court "essentially invited a motion to intervene" to assert a conflict of interest regarding Middleton Reutlinger's representation of Kirsch against Dean in the current action. Mem. Supp. Mot. Intervene 1, 13, ECF No. 49-1. Accordingly, ZFX, Inc. has submitted a proposed motion to disqualify Middleton Reutlinger and to strike from the docket all filings made by the law firm. Mot. Disqualify 1, ECF No. 49-3.

In response to these motions, Kirsch argues that ZFX, Inc. may not intervene in the current action because no claims relating to ZFX, Inc. are before the Court, it does not have consent from its Board of Directors to intervene, and ZFX, Inc. has no "substantial legal interest" in this matter. Resp. Opp. Mot. Intervene 6–12, ECF No. 58. Kirsch also contends that if ZFX, Inc. is permitted to intervene it cannot be represented by John O. Sheller and other Stoll Keenon Ogden PLLC attorneys that represent Dean. *Id*. at 12.

In relevant part, Rule 24 permits a party to intervene in a pending action who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Rule 24 also permits a party to intervene in an action when it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Here, in denying Dean's motion to disqualify Middleton Reutlinger in this litigation, the Court wrote, "Middleton Reutlinger may have a conflict of interest in representing Kirsch and ZFX. But ZFX is not a named party to this litigation and has not yet moved to intervene." Mem.

Op. 12/07/2016 8, ECF No. 46. The Court never "invited" ZFX, Inc. to intervene to assert Middleton Reutlinger's "disqualifying conflict of interest." *See* Mot. Intervene 1, ECF No. 49; Mem. Op. 12/07/2016 8, ECF No. 46. Instead, the Court merely suggested that a conflict of interest could arise if ZFX, Inc. were made a party to the current litigation. ZFX, Inc.'s counsel is mistaken in believing otherwise.

In moving to intervene solely to assert an alleged conflict of interest involving Middleton Reutlinger after Dean failed to successfully do so, ZFX, Inc. has not asserted a claim against Kirsch that is justiciable or a direct interest that is protectable under Rule 24.

Additionally, even if ZFX, Inc. were allowed to intervene in this action, this could give rise to an ethical question of whether Stoll Keenon Ogden PLLC could continue to represent Dean and ZFX, Inc. in this litigation. Kirsch purportedly still owns 50% of ZFX, Inc. Accordingly, Stoll Keenon Ogden PLLC would possibly be representing the half interest Kirsch would have in such a claim while opposing Kirsch otherwise. The Court will deny ZFX, Inc.'s motion to intervene in this action.

Given that ZFX, Inc.'s motion to intervene will be denied and that ZFX, Inc. is not a party to the litigation, its proposed motion to disqualify Middleton Reutlinger and to strike filings made by the law firm is improper and will also be denied.

V.	Conclusion

The Court will overrule Dean's objections to the magistrate judge's order. The Court will deny ZFX, Inc.'s motion to intervene, as well as its proposed motion to disqualify Middleton Reutlinger and to strike filings made by the law firm. An order will be entered in accordance with this memorandum opinion.

June 6, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**